UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILSON,<br>　　　　Petitioner<br>　　v.<br>HATTON, WARDEN,<br>　　　　Respondent. | Case No. CV 18-6189-MWF (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS |

On July 17, 2018, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District (Dkt. 1,"Petition"). The Petition stems from Petitioner's November 2001 conviction in Los Angeles County Superior Court Case No. BA212549 (the "State Conviction"). (Petition at 2.)[1]

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. B156274). He was represented by appointed appellate counsel, who raised a number of challenges to jury instructions, evidence admission, the prosecutor's use of peremptory challenges, and sufficiency of the evidence. *See People v. Wilson*, 2003 WL 1091052 (Cal. Ct. 2003). On March 13, 2003, the California Court of Appeal affirmed the judgment. *Id.*

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

Petitioner filed a petition for review with the California Supreme Court, which was denied on May 21, 2003 (Case No. S 115096).

On April 17, 2004, Petitioner filed a habeas petition in the California Court of Appeal (Case No. B17494), which raised an ineffective assistance of counsel claim. (Petition at 2-3.)[2] That petition was denied on May 7, 2004. (Petition Ex., ECF #44.)

Petitioner alleges that he did not file any state court proceedings after the above-noted 2004 habeas action. (Petition at 2-5.) This, however, does not appear to be correct.

The Petition appends a copy of a June 24, 2014 letter from the California Supreme Court to Petitioner, which references a then pending habeas action, Case No. S219008. (Petition Ex., ECF #46.) The docket for that case shows that: on June 4, 2014, Petitioner filed a habeas petition in the state high court; and on August 13, 2014, the California Supreme Court denied the petition citing a host of procedural bars, including untimeliness.

In addition, a review of the California courts' dockets show that: On July 28, 2016, Petitioner filed a habeas petition in the trial court, which apparently was denied on July 17, 2017; on or about August 1, 2017, Petitioner submitted a notice of appeal to the California Court of Appeal, which was formally filed on September 15, 2017 (Case No. B285080); on October 2, 2017, the appeal was dismissed; and there is no indication – in the Petition or in the California court dockets – that Petitioner sought review in the California Supreme Court.

The Petition bears a signature date of July 8, 2018, and the envelope in which it was mailed to the Court shows a postmark date of July 9, 2018. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on July 8,

---

[2] Petitioner alleges that this proceeding was an appeal from the judgment of conviction, but the California Court of Appeal's docket shows that it was a habeas proceeding.

2

2018.  *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## THE PETITION IS UNTIMELY ON ITS FACE

The Petition states that it is raising a single claim based on ineffective assistance by appellate counsel.  Petitioner appears to contend that, following his conviction, his mother retained attorney Ronald White to pursue a direct appeal of Petitioner's conviction, but that White abandoned the appeal by failing to file a merits brief on behalf of Petitioner and his co-defendant.  Petitioner complains that White failed to "challenge the sufficiency of evidence and adequacy of jury instructions," including the failure to instruct on lesser related offenses.

As a threshold matter, the Court notes that the Petition itself establishes that Petitioner *was* represented by appointed counsel on his state direct appeal (Jeffrey S. Kross), regardless of any asserted inaction by Attorney White.  In addition, the California Court of Appeal's decision shows that Attorney Kross, in fact, raised sufficiency of the evidence and jury instruction claims in that appeal, including a challenge to the failure to instruct on lesser related offenses.  Thus, it is unclear that the Petition raises any issue capable of serving as a basis for habeas relief.  In addition, it is unclear that the Petition is exhausted.  For sake of argument, however, the Court will not deal with that possible defect at this time given the more pressing defect, namely, the facial gross untimeliness of the Petition.

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1), and the record indicated that his applicable limitations period is that set forth in subpart (d)(1)(A).  Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which is state direct appeal became final.  The California Supreme Court denied review on May 21, 2003, and there is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court.  Accordingly, Petitioner's state conviction became "final" 90 days later, *i.e.*, on

3

August 19, 2003, and his limitations period commenced running the next day. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Therefore, Petitioner had until August 19, 2004, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. The record shows that Petitioner filed a habeas petition in the California Court of Appeal on April 27, 2004, and there is no evidence that it was not properly filed. Thus, he may receive Section 2244(d)(2) tolling for the time in which it was pending. As of April 26, 2004, 250 days of Petitioner's limitations period had run. Once the California Court of Appeal denied habeas relief on May 7, 2014, Petitioner's limitations period recommenced running the next day and expired 115 days later on August 31, 2004.

As noted above, Petitioner filed state proceedings after 2004, including in 2014 and in 2017. But by then, his limitations period had expired many years earlier and there was no limitations period in existence to be tolled. As a result, neither the 2014 state high court habeas petition nor the 2017 appeal – nor any other state proceedings filed after August 31, 2004 – can serve as a basis for Section 2244(d)(2) statutory tolling.[3] *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section

---

[3] In addition, the fact that the 2014 state high court petition was denied on procedural grounds that included untimeliness rendered it not properly filed for Section 2244(d)(2) purposes and, thus, not a candidate for statutory tolling. *Walker v. Martin*, 131 S. Ct. 1120, 1126 (2011) (as here, a summary denial citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), means that the state court denied the petition as untimely); *Allen v. Seibert*, 128 S. Ct. 2, 4, (2007) (*per curiam*) ("a state postconviction petition is . . . not 'properly filed' if it was rejected by the state court as untimely").

4

2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

Accordingly, Petitioner's limitations period expired on August 31, 2004, almost 14 years *before* the instant Petition has been deemed filed. The Petition remains substantially untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005). Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. There is nothing in the record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief for close to 14 years. There also is nothing in the record that explains, much less justifies, Petitioner's egregious delay. Petitioner alleges that he raised his

present ineffective assistance claim as far back as 2004 (Petition at 2-3) through his California Court of Appeal habeas petition in Case No. B174794. Thus, he knew of, and had formulated, his federal habeas claim over 14 years before coming to federal court. Petitioner failed to exhaust the claim at that point in time, *i.e.,* after the California Court of Appeal denied it on May 7, 2004. Assuming he finally did so through his 2014 habeas petition filed in the state high court in Case No. S219008, waiting over ten years to take this step plainly was inexcusably dilatory. Moreover, after the California Supreme Court denied relief on August 13, 2014, Petitioner waited close to four more years before mailing the instant Petition to this Court. Under these circumstances, the diligence prong of the equitable tolling doctrine cannot be met.

In sum, absent further evidence, it is plain that the Petition is untimely by almost 14 years.

\* \* \* \* \*

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than **August 29, 2018**, Petitioner shall file a Response to this Order To Show Cause addressing this issue as follows: if Petitioner concedes that this action is untimely, he shall so state clearly; but if Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order**

**will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness.**

**IT IS SO ORDERED.**

DATED: July 30, 2018.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE