UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILSON,<br>Petitioner<br>v.<br>HATTON, WARDEN,<br>Respondent. | Case No. CV 18-6189-MWF (GJS)<br><br>ORDER: DISMISSING PETITION WITH PREJUDICE FOR UNTIMELINESS; AND DENYING A CERTIFICATE OF APPEALABILITY |

On July 17, 2018, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District (Dkt. 1, "Petition"). The Petition stems from, and seeks to challenge, Petitioner's November 2001 conviction in Los Angeles County Superior Court Case No. BA212549 (the "State Conviction"). (Petition at 2.)[1]

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. B156274). He was represented by appointed appellate counsel (Jeffrey S. Kross), who raised a number of claims challenging jury instructions, the admission of evidence, the prosecutor's use of peremptory challenges, and the sufficiency of the evidence. *See People v. Wilson*, 2003 WL 1091052 (Cal. Ct. 2003). On March 13, 2003, the California Court of

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

Appeal affirmed the judgment. *Id.* Attorney Kross filed a petition for review with the California Supreme Court on behalf of Petitioner, which was denied on May 21, 2003 (Case No. S 115096).

On April 17, 2004, Petitioner filed a pro se habeas petition in the California Court of Appeal (Case No. B174794), which raised an ineffective assistance of counsel claim. (Petition at 2-3.)[2] That petition was denied on May 7, 2004. (Petition Ex., ECF #44.) Petitioner alleges that he did not file any other state court proceedings (Petition at 2-5), but this allegation is not correct.

The Petition appends a copy of a June 24, 2014 letter from the California Supreme Court to Petitioner, which references Case No. S219008. (Petition Ex., ECF #46.) The docket for that case shows that: on June 4, 2014, Petitioner filed a pro se habeas petition in the state high court; and on August 13, 2014, the California Supreme Court denied the petition citing a host of procedural bars, including untimeliness. In addition, a review of the California courts' dockets show that: on July 28, 2016, Petitioner filed a habeas petition in the trial court, which apparently was denied on July 17, 2017; on or about August 1, 2017, Petitioner submitted a notice of appeal to the California Court of Appeal, which was filed on September 15, 2017 (Case No. B285080); on October 2, 2017, the appeal was dismissed; and there is no indication – in the Petition or in the California court dockets – that Petitioner sought review in the California Supreme Court.

The Petition bears a signature date of July 8, 2018, and the envelope in which it was mailed to the Court shows a postmark date of July 9, 2018. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on July 8, 2018. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[2] Petitioner alleges that this proceeding was an appeal from the judgment of conviction, but the California Court of Appeal's docket shows that it was a habeas proceeding.

On July 30, 2018, after reviewing the Petition and the state court dockets, United States Magistrate Judge Gail J. Standish issued an Order To Show Cause, which directed Petitioner to file a Response addressing the facial untimeliness of the Petition [Dkt. 4, "OSC"]. The OSC explained why the Petition was facially untimely, why the statutory tolling available did not render it timely, and why the equitable tolling doctrine did not appear to be applicable. The OSC expressly directed Petitioner to explain how the Petition is timely (if he so contends) and to provide any available competent evidence to establish timeliness. On August 10, 2018, Petitioner filed a Response to the OSC [Dkt. 5].

The Court has considered the Petition, the record, and Petitioner's Response. Having done so, the Court concludes that dismissal of this action, with prejudice, is warranted due to untimeliness, for the following reasons.

The Petition raises a single ineffective assistance of appellate counsel claim. Petitioner alleges that, following his conviction, his mother retained attorney Ronald White to pursue a direct appeal of Petitioner's conviction, but that White abandoned the appeal by failing to file a merits brief on behalf of Petitioner and his co-defendant. Petitioner complains that White failed to "challenge the sufficiency of evidence and adequacy of jury instructions," including the failure to instruct on lesser related offenses.[3]

---

[3] As the OSC explained, the Petition itself establishes that Petitioner *was* represented by appointed counsel on his state direct appeal (Attorney Kross), regardless of any asserted inaction by Attorney White. In addition, the California Court of Appeal's decision shows that Attorney Kross, in fact, raised sufficiency of the evidence and jury instruction claims in that appeal, including a challenge to the failure to instruct on lesser related offenses. Thus, the Petition does not appear to raise any issue capable of serving as a basis for habeas relief.

The Court notes that, in his Response to the OSC (at pp. 4, 6), Petitioner asserts that Attorney Kross committed "egregious misconduct" by failing to file a timely direct appeal and, thus, Petitioner was forced to spend 14 years attempting to seek relief in the state courts on his own. This assertion is not true. The docket for Petitioner's direct appeal shows that: a timely notice of appeal was filed on February 6, 2002, *before* Attorney Kross was appointed; Attorney Kross was

3

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1), and Petitioner does not dispute that the applicable limitations period is that set forth in subpart (d)(1)(A). Therefore, Petitioner's judgment became "final" on the date on which is state direct appeal became final. The California Supreme Court denied review on May 21, 2003, and there is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court. Accordingly, Petitioner's state conviction became "final" 90 days later, *i.e.*, on August 19, 2003, and his limitations period commenced running the next day. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). As a result, Petitioner had until August 19, 2004, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. Petitioner filed a habeas petition in the California Court of Appeal on April 27, 2004, which appears to have been denied on its merits, and thus, he may receive Section 2244(d)(2) tolling for the time in which it was pending. As of April 26, 2004, 250 days of Petitioner's limitations period had run. Once the California Court of Appeal denied habeas relief on May 7, 2014, Petitioner's limitations period recommenced running the next day and expired 115 days later on August 31, 2004.

Petitioner filed state proceedings after 2004, including in 2014 and in 2017. But by then, his limitations period had expired many years earlier and there was no limitations period in existence to be tolled. As a result, neither the 2014 state high court habeas petition nor the 2017 appeal – nor any other state proceedings filed

---

appointed to represent Petitioner on March 11, 2002; Attorney Kross filed a "timely" opening brief on September 18, 2002; and Attorney Kross filed a timely petition for review in the California Supreme Court.

after August 31, 2004 – can serve as a basis for Section 2244(d)(2) statutory tolling.[4] *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Accordingly, Petitioner's limitations period expired on August 31, 2004, almost 14 years *before* the instant Petition has been deemed filed. The Petition remains substantially untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005). Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the

---

[4] In addition, the fact that the 2014 state high court petition was denied on procedural grounds that included untimeliness rendered it not properly filed for Section 2244(d)(2) purposes and, thus, not a candidate for statutory tolling. *Walker v. Martin*, 562 U.S. 307, 313 (2011) (as here, a summary denial citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), means that the state court denied the petition as untimely); *Allen v. Seibert*, 552 U.S. 3, 5 (2007) (*per curiam*) ("a state postconviction petition is . . . not 'properly filed' if it was rejected by the state court as untimely").

burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

In his Response to the OSC, Petitioner asserts vaguely, without any supporting facts and not under penalty of perjury, three reasons why the Petition should be considered timely under the equitable tolling doctrine. First, he states that he was unable to "prepare or present his legal grievances in a coherent format" and, thus, sought the assistance of other inmates. Second, Petitioner asserts, without elaboration or reference to any particular time frame, that "the institutional law library imposes a strict access to inmates from 3 to 4 months for a 2 hours visit." Third, Petitioner asserts that, following various acts of misconduct on his part (participating in a riot, battery on another inmate, and possessing an inmate-manufactured weapon), he was placed in administrative segregation from May through November 2010, July through October 2012, and September 2013 through March 2014. None of these assertions, whether viewed individually or cumulatively, support application of the equitable tolling doctrine in this case.

With respect to Petitioner's first reason, his reliance on the assistance of other inmates is not an extraordinary circumstance. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (*per curiam*); *see also Baker v. California Dept. of Corr.*, 484 Fed. Appx. 130, 131 (9th Cir. June 7, 2012) (No. 09-17371) (under Ninth Circuit precedent, "[l]ow literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas petition"). Reliance on the assistance of other inmates cannot meet the extraordinary circumstance requirement, because this is a common incident of prison life. *See Chaffer*, 592 F.3d at 1049; *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2002) (allegations that the petitioner lacked legal knowledge and had to rely on other prisoners for legal advice and in preparing his papers "cannot justify equitable tolling," as such

6

circumstances are not "extraordinary"). That Petitioner believed he lacked the legal skills to seek relief without the assistance of others does entitle him to equitable tolling, because as the federal courts have repeatedly recognized, "[i]t is clear that pro se status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). Ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance")

Petitioner's second complaint – that law library time was limited at some unspecified date and time – is much too vague to establish the requisite extraordinary circumstance. The equitable tolling inquiry is a "fact-specific" one. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Frye v. Hickman*, 273 F.3d 1036, 1146 (9th Cir. 2001). Petitioner does not identify a single instance in which he was deprived of law library access, much less why it mattered, *i.e.*, what he was unable to accomplish due to a lack of law library access during the relevant time frame. Conclusory allegations of this nature – unsupported by facts and competent evidence – are inadequate to establish a right to equitable tolling. *See Chaffer*, 592 F.3d at 1049 ("Chaffer alleges that his pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions justified the delay; however, these circumstances are hardly extraordinary given the vicissitudes of prison life, and there is no indication in the record that they made it 'impossible' for him to file on time."); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's allegation of impaired library access was inadequate to establish any basis for equitable tolling, because he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"); *Williams v. Dexter*, 649 F. Supp. 2d 1055, 1061-62 (C.D. Cal. 2009) (conclusory assertions of

7

limited law library access unsupported by competent evidence held to be inadequate to state a basis for equitable tolling). "Ordinary prison limitations on [a petitioner's] access to the law library . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). As in *Ramirez*, Petitioner fails to explain how any restrictions on his law library access, and/or any deficiencies in the library, made it impossible for him to seek federal habeas relief on a timely basis.

Petitioner's third contention – that at various times between 2010 and 2014, he was placed in administrative segregation due to his own misconduct – plainly fails to establish a basis for equitable tolling. As set forth above, Petitioner's limitations period expired on August 31, 2004, many years *before* these stints in administrative segregation. Events that occur after a limitations period already has expired cannot constitute circumstances (extraordinary or not) that caused a petitioner to be unable to seek timely relief while his limitations period actually was pending.

There is nothing in the record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief for close to 14 years. There also is nothing in the record that explains, much less justifies, Petitioner's egregious delay. Significantly, Petitioner alleges (Petition at 2-3) that he raised his present ineffective assistance claim as far back as 2004, through his California Court of Appeal habeas petition in Case No. B174794. Thus, he knew of, and had formulated, his federal habeas claim over 14 years before coming to federal court. Petitioner failed to exhaust the claim at that point in time, *i.e.,* after the California Court of Appeal denied it on May 7, 2004. Assuming he finally did so through his 2014 habeas petition filed in the state high court in Case No. S219008, or only raised the claim in the state courts for the first time through that petition, waiting over ten years to take this step was dilatory. Moreover, after the California

8

Supreme Court denied relief on August 13, 2014, Petitioner waited close to four more years before mailing the instant Petition to this Court. Under these circumstances, the diligence prong of the equitable tolling doctrine cannot be met.

In short, that the Petition is untimely by almost 14 years. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In addition, district courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). Petitioner has received that opportunity to be heard through his Response to the OSC and has not come close to showing any basis for finding the grossly delayed Petition to be timely. Given that it plainly appears that the Petition is untimely, it must be dismissed with prejudice.

Accordingly, IT IS ORDERED that: the Petition is dismissed, with prejudice, for untimeliness; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v.*

*///*
*///*
*///*
*///*
*///*
*///*
*///*

*McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

DATED:  August 20, 2018

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE